Richardson, J.
delivered the opinion of the Court.
The defendant, J. R. Lewis, although he paid a part of Dr. Kellin’s bill, was not proved to have made any express promise to his father, Hardy Lewis, to pay the balance.— That was the mere inference of counsel in argument.
The question of the case was, whether the father, (having voluntarily called in the doctor, and having paid him — with this declaration, that he would require his son to refund him the money; and to effect this, that he would not make titles to certain lands, intended for him, until he did so refund the money; but having made the titles to the son, without any explanation how or wherefore,) can now legally claim of his son, to be refunded the balance paid to the doctor 1
2 Bail. 56.
If James Lewis had made an express assumpsit to Hardy LewjS; that he would repay the money, his obligation to do so would, perhaps, have been legal, according to the princi-pie laid down in McMorris v. Herndon, and the cases cited by the counsel, from Petersdorf, 736; and 3 Pickering, 201. But the obligation of the son, in this instance, was merely inferential from his position, paying a part, and the declaration of the father to the doctor, that he would make him repay it, by the means pointed out.
The more rational inference was, that James Lewis never intended to pay more than he did pay. On the other hand, it was clear that the father, having expressly called in the doctor, was bound to pay the bill. Especially when he made no demur to the doctor’s claim. This was not a question, whether the father was obliged to pay the doctor ; but whether, having voluntarily paid the bill charged to himself, he could reclaim the money of his minor son; because the son lived apart from him. The question was upon this refunding the father by the son ; not upon' the obligation of the father to pay for the necessaries furnished for the son — which last had been voluntarily admitted by the father, and the money paid.
It was clear, therefore — at least in this instance, that the father was bound to pay the doctor’s bill, as laid down by the presiding Judge. But let it be admitted, secondly, that the son was, in the first instance, liable to the doctor ; yet, it by no means follows that the father, having voluntarily paid such debt for his son, can recover it of him in invitum. The converse is the law. No one, by paying an account against another, can maintain an action for the amount, without the promise, express or implied, of the original debtor. And such a promise in no way appeared.
But the third argument is, itself, conclusive of the whole case. Hardy Lewis declared to the doctor, that he would compel his son to refund, by withholding titles for the land intended for him, until he refunded the money. Thus he held the staff in his own hand: and when it was proved that the titles had been delivered, and no explanation being made, how, when, or wherefore, it was rationally inferrible, that the father had been satisfied, and his claim adjusted, or been abandoned.
It seemed to my understanding, to infer plainly an acquittance of the father’s claim, upon the terms he himself had laid down, to doctor Kellin.
The motion is, therefore, dismissed.
O’Neall, J. — Evans, J. — Wardlaw, J. — and Frost, J. concurred.

Motion refused.